IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Alem Woldeghergish, | : | |
| | : | Case No. 1:26-cv-891 |
| Petitioner, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Second Habeas Petition |
| Matthew Putra, U.S. Immigration and Customs Enforcement, Director of Detroit Field Office, Enforcement and Removal Operations, *et al.*, | : : : : | and Ordering Woldeghergish's Release |
| Respondents. | | |

Petitioner Alem Woldeghergish, a citizen of Eritrea who entered the United States in 2017, has filed a second Petition for Writ of Habeas Corpus ("Habeas Petition") challenging his detention by Respondents at a Butler County, Ohio jail. (Doc. 1.) He has been detained for over eight months since the Court denied his first Habeas Petition on January 9, 2026. *Woldeghergish v. Lynch*, No. 1:25-CV-461, 2026 WL 71290, at *1 (S.D. Ohio Jan. 9, 2026). Because Woldeghergish's removal to Eritrea is no longer practicably attainable, the Court will grant the Habeas Petition and order Woldeghergish to be immediately released.

## I. BACKGROUND

Woldeghergish is a native and citizen of Eritrea, a country with whom the United States has a strained diplomatic relationship. *Woldeghergish*, 2026 WL 71290, at *1–2 (explaining proclamations by President Trump prohibiting the entry of Eritrean nationals into the United States). Woldeghergish left Eritrea in May 2000, purportedly because his father and brother had been pressed into military service. *Id.* at *1. He lived in Sudan, Malta, and Brazil before entering the United States in December 2017. *Id.*

In April 2018, an immigration judge issued a Removal Order denying Woldeghergish's application for asylum and ordering him to be removed from the United States to Eritrea, or to Malta in the alternative. *Id.* He was initially detained from April 2018 to August 2018 as ICE attempted to obtain travel documents from Eritrea. *Id.* ICE released him in August 2018 on an order of supervision after the 90-day removal period expired. *Id.* Then, almost seven years later on or about June 10, 2025, ICE took Woldeghergish back into custody at his ICE check-in appointment. *Id.* He is being detained at the Butler County, Ohio jail. *Id.* Respondents did not inform Woldeghergish why his order of supervision was being revoked nor provide him with an informal interview. (Doc. 1 at PageID 2.)

During the initial litigation, Respondents submitted sworn statements from an ICE Supervisory Detention and Deportation Officer stating that Woldeghergish had completed an application for an Eritrean identity card and that ICE had requested travel documents for his removal in mid-2025. *Woldeghergish*, 2026 WL 71290, at *3. The ICE Officer later stated in December 2025 that Respondents had not received travel documents for Woldeghergish. But the ICE Officer also attested that Respondents had removed seven Eritrean nationals to Eritrea in December 2025 and had received travel documents for two other nationals. *Id.* at *3. He attested that he was not aware of any institutional barriers that would prevent Woldeghergish's removal. *Id.* at *3. Based on the latter two sets of representations, the Court found that Woldeghergish's continued detention at that time did not violate 8 U.S.C. § 1231(a)(6) as interpreted in *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). *Id.* at *5. Finally, the Court advised Woldeghergish that had the right to file a second petition at a later date if his detention continued for an extended period or his circumstances changed. *Id.*

Woldeghergish filed this second Habeas Petition on September 3, 2026. (Doc. 1.) He

now has been detained for over 450 days, and he asserts that he has not received any updates from Respondents as to when he might be removed. (*Id.* at PageID 3.) He asserts that his continuing detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(6), INA regulations, and the Due Process Clause of the Fifth Amendment. (Doc. 1 at PageID 4, 8–12.) Respondents filed a Return of Writ on September 11, 2026. (Doc. 6.) Respondents state that "on August 17, 2026, they were notified by Eritrea that a travel document will not be issued for Petitioner." (*Id.* at PageID 28.)

## II. LAW AND ANALYSIS

INA § 241 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). It further provides that the alien should be placed under supervision if he is not removed within the 90-day removal period. 8 U.S.C. § 1231(a)(3). Therefore, an alien under a removal order usually is released from detention after the 90-day removal period. A special provision allows for detention beyond 90 days for inadmissible aliens in certain circumstances:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may be detained beyond the removal period* and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (emphasis added).

The Supreme Court read a limit into § 1231(a)(6) to keep the provision from running afoul of the Due Process Clause of the Fifth Amendment to the Constitution. *Zadvydas*, 533 U.S. at 689–690. "A statute permitting indefinite detention would raise a serious constitutional problem." *Id.* at 690. The Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the

United States" and "does not permit indefinite detention." *Id.* at 689. It further held that post-removal order detentions of six months are presumptively reasonable:

> Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 701 (emphasis added). Woldeghergish has been detained for much longer than six months.

The *Zadvydas* analysis here is straightforward. Woldeghergish has provided "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." *Id.* He has been languishing in the Butler County, Ohio jail since June 2025. Respondents apparently made no progress in removing Woldeghergish between January 2026—when this Court denied his first Habeas Petition without prejudice to refiling—and now. In fact, Respondents admit that they were told almost one month ago that Eritrea would not issue Woldeghergish a travel document. (Doc. 6 at PageID 28, 31.) That appears to foreclose Woldegherghish's removal to Eritrea. Respondents might try to remove Woldeghergish to a third country, but that plan is speculative at best. (*Id.* at PageID 31.) Yet, Respondents have continued to detain Woldeghergish knowing that he was not likely to be removed "in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. His detention now far "exceeds a period reasonably necessary to secure removal." *Id.* at 699. Detention cannot "serve its purported immigration purpose" when removal is not "practically attainable." *Demore v. Kim*, 538 U.S. 510, 527 (2003) (explaining and quoting *Zadvydas*, 533 U.S. at 689). The Court holds

that Woldeghergish's continued detention for over a year without meaningful progress toward effectuating his removal violates 8 U.S.C. § 1231(a)(6) as constrained by the Due Process Clause of the Fifth Amendment.[1]

## III. CONCLUSION

Woldeghergish's second Habeas Petition (Doc. 1) is **GRANTED**. Respondents are **ORDERED** to immediately release Woldeghergish from custody, subject to a reasonable order of supervision, and to certify compliance with this Order by filing a notice on the docket within one day of the date of this Order.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

[1] The Court need not and does not address whether Woldeghergish's detention also violates INA regulations as alleged in the second Habeas Petition.